IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12-cr-205-MHT |
| ARTIE SCARVER | ) | (WO) |

ORDER

This cause is before the court on defendant Artie Scarver's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for February 11, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity or the defendant." § 3161(h)(1)(A). It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Scarver in a speedy trial.

Defense counsel represents that its initial

investigation and observation of Scarver revealed he may suffer from mental health limitations. Counsel asked Dr. Robert Shaffer, a forensic psychologist, to evaluate him at the Montgomery County Jail in December 2012. Dr. Shaffer reported that Scarver suffers from intellectual disabilities and may also have neurological damage from brain trauma. Dr. Shaffer concluded that he needs to conduct further testing in order to assess Scarver's brain injuries. Defense counsel intends to have Scarver undergo a functional-magnetic-resonance-imaging assessment that will measure the extent of his impairments. This will require transporting him to an appropriate medical facility to do the testing.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Artie Scarver's motion for continuance (doc. no. 205) is granted.

(2) The jury selection and trial, now set for February 11, 2013, are reset for May 20, 2013, at 10:00

a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 30th day of January, 2013.

                                       /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**